JOHN WRIGHT, A TAXPAYER, v. KENNEDY HEIGHTS (VIL.) ET AL.

CONTRACTS BETWEEN MUNICIPAL CORPORATIONS FOR SURPLUS WATER NOT AUTHOR-
IZED BY SEC. 2425 REV. STAT.

The provisions of the second clause of Sec. 2425 Rev. Stat. that, * * * "any
city or village which has waterworks is hereby authorized and empowered to
dispose of any surplus water for manufacturing or other purposes," is to be
understood as referring to consumption for private enterprise alone, and the
phrase, "or other purpose," as qualified by the preceding word, "manufac-
turing." Moreover, as it is provided by the first clause of the section that
for one municipal corporation to supply another with water there must be a
contract under terms "mutually agreed upon," and, consequently, mutually
enforceable, and such a contract for mere surplus water not being mutually
enforceable, it is not authorized by this section.

D. H. Pottenger, for plaintiff.

O. W. Bennett, contra.

JELKE, J.

Can the village of Kennedy Heights, not being contiguous to the city
of Cincinnati, make a contract with the city to supply said village with
water under Sec. 2425 Rev. Stat.?

It is admitted that it cannot under the first clause of the section,
which provides:

"Any city or village which has established, or hereafter establishes,
waterworks, may enter into a contract with any contiguous city or village
for the supply of the latter with water, upon such terms as shall be mutu-
ally agreed upon by the councils of the respective municipal corporations."

But it is contended that such contract may be made under the provision
of the second clause, which provides:

* * * "and any city or village which has waterworks, is hereby
authorized and empowered to dispose of any surplus water, for manufac-
turing or other purposes, by lease or otherwise, upon such terms as may
be agreed upon by the board of trustees of the waterworks, or public
works, and approved by the council of such city or village."

It is to be observed that the first clause provides for a "contract" and
for "the supply of water" under terms "mutually agreed upon," while the
second clause provides for the disposition of surplus water only, and that
for manufacturing or other purposes. The legislature, in providing what
relations may be established between contiguous municipalities, on the
subject of water, has seen fit to prescribe that it shall be by contract mu-

ally agreed upon, and, consequently, mutually enforceable, and that such contract must be for the supply of water. Having thus expressed itself upon this subject, this expression must be held to be exclusive. In contrast to this is the second clause, which authorizes the disposition of surplus water only, and that for manufacturing or other purposes. It is said that the sale of water to the municipality of Kennedy Heights is included under the expression "or other purposes." But, in interpreting the expression "or other purposes," reference must be had to the thing mentioned, to wit, "for manufacturing." If the power to dispose of surplus water were broad enough to cover every known purpose, including the supply of another municipality, there would have been no reason for mentioning "manufacturing." This expression "for manufacturing or other purposes" is used to signify consumption by private enterprise in contradistinction to public municipal supply treated of in the first clause. The legislature was unwilling that the purchasing municipality should enter into any arrangement so uncertain as dependence upon a mere surplus. If the purchasing municipality is to expend its funds in laying water mains and piping its streets, it must be for a supply which can be demanded and enforced under a mutual contract.

We are of opinion that the village of Kennedy Heights is not empowered by this second clause to make such contract with the city of Cincinnati.

As the issue of bonds proposed by said village and voted on at the election was expressly for the purpose of laying water mains and pipes to receive water under such a contract, such issue must fail if the contract cannot be made.

Decree for plaintiff.